UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN STATE AFL-CIO; UTILITY
WORKERS UNION OF AMERICA, AFL-CIO,
LOCAL 223; GEORGE HORUCZI; INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS,
AFL-CIO, LOCAL 58; MICHIGAN STATE UTILITY
WORKERS COUNCIL; and WILLIAM D.
CHADWICK, JR.,

       Plaintiffs,                   Civil Case No. 16-11454
                                                 Honorable Linda V. Parker

v.

RUTH JOHNSON, in her official capacity as
MICHIGAN SECRETARY OF STATE; and
WILLIAM SCHUETTE, in his official capacity
as MICHIGAN ATTORNEY GENERAL,

       Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR STAY PENDING APPEAL

On June 30, 2016, this Court entered an opinion and order enjoining Defendants, among others, "from taking any action to implement or enforce Michigan Compiled Laws Section 169.254(3) ["P.A. 269"], which prohibits a corporation from providing for the collection and transfer of contributions by its employees to their union's SSF [separate segregated fund], by payroll deduction." (ECF No. 23.)  Defendants appealed the Court's decision to the Sixth Circuit Court of Appeals on July 26, 2016.  (ECF No. 26.)  On August 5, 2016, Defendants filed

a motion pursuant to Federal Rule of Civil Procedure 62(c), asking this Court to stay the preliminary injunction pending appeal.  (ECF No. 29.)  The motion has been fully briefed.  (ECF Nos. 31, 32, 33.)  For the reasons that follow, the Court denies Defendants' request for a stay.

A court must consider the following four factors to decide whether to issue a stay pursuant to Rule 62(c): (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.  *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (citing *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together."  *Griepentrog*, 945 F.2d at 153.

As to the first factor, the Sixth Circuit stated in *Griepentrog*: "In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal."  *Id*.  The court recognized, however, that the "movant need not always establish a high probability of success on the merits."  *Id*. (citing *Ohio, ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987) (citing *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)).  The *Griepentrog* court explained:

> The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the] plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [other side] if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

*Id*. at 153-54 (internal citations omitted).

In seeking a stay, Defendants first address the second and third factors: the harm to Defendants, third parties, and Plaintiffs. Defendants contend that Plaintiffs fail to establish any irreparable injury resulting from the enactment of P.A. 269. In comparison, Defendants maintain that they will "suffer irreparable harm because, 'any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.' " (ECF No. 29 at Pg ID 484, quoting *Maryland v. King*, 133 S. Ct. 1, 3 (2012) (additional citations omitted).) Defendants argue that the Court's preliminary injunction also impinges on the State's ability to "curtail[] the risk of actual quid pro quo corruption or the appearance of corruption", "preserve the purity of elections", and "guard against abuses of the elective franchise." (*Id*, citations and quotation marks omitted.)

Enjoining a State from enforcing its laws cannot always amount to irreparable harm. If a statute is unconstitutional, how is the State harmed by not being able to enforce it? *Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 620 (7th Cir. 2004) ("[T]here can be no irreparable harm to a municipality when it is prevented from enforcing an unconstitutional statute[.]") (citing *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998)). In fact, the Sixth Circuit has held that where a court finds a law unconstitutional because it infringes First Amendment freedoms (as the Court found here), it is always in the public interest to prevent the law's enforcement. *Connection Distrib. Co.*, 154 F.3d at 288 (quoting *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079, (6th Cir. 1994) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights.")).

Defendants may be correct that the State has a legitimate interest in protecting the integrity of the elective franchise and election process and preventing corruption. Nevertheless, Defendants fail to convince the Court that P.A. 269 serves to further those interests. Stated differently, Defendants fail to show that the use of payroll deduction to collect and transfer employee contributions for their union's SSF threatens those interests.

The Court explained in its June 30, 2016 decision why Plaintiffs would suffer irreparable harm absent an injunction. First, PA 269 infringes Plaintiffs'

First Amendment rights.  " 'The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.' "  *Bays v. City of Fairborn*, 668 F.3d 814, 825 (6th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  Second, the union Plaintiffs established that PA 269 caused them to lose substantial PAC contributions.  This represents not only a monetary loss which could be recovered later (if Plaintiffs were seeking such recovery, which they are not), but a loss to "Plaintiffs' ability to fund political activities this election cycle and thereby have their opinions heard."  (ECF No. 23 at Pg ID 385.)  Defendants' contention that Plaintiffs in fact increased "their fundraising numbers and quarterly profits" after the enactment of PA 269 is not supported by any evidence.

For these reasons, the irreparable harm factors do not weigh in favor of granting Defendants' request for a stay.  Thus, the Court turns to Defendants' next argument: that they "are likely to succeed on the merits as the Sixth Circuit has rejected the idea that payroll deductions are speech."  (ECF No. 29 at Pg ID 486.)  In support of their contention, Defendants assert the same arguments raised in response to Plaintiffs' motion for preliminary injunction.

In rejecting Defendants' arguments, this Court thoroughly explained why it does not find the Sixth Circuit's decision in *Bailey v. Callaghan*, 715 F.3d 956, 959 (6th Cir. 2013), controlling.  The Court believes it clearly explained its

rationale for concluding that the act of collecting funds to promote speech is entitled to First Amendment protection, as well as its rationale for concluding that the *Bailey* decision (which addressed only *public* employee payroll deduction) is inapplicable here where the law restricts payroll deduction for private employees. The Court would be adding nothing by repeating its reasoning here.

For the reasons stated in its June 30, 2016 decision, the Court believes Defendants are not likely to succeed on appeal. Defendants must demonstrate a high probability of success in light of the irreparable harm Plaintiffs and the public will suffer absent a stay, and the lack of similar harm to Defendants. Defendants do not succeed in making this showing.

In short, the factors relevant to this Court's decision whether to stay the preliminary injunction pending appeal weigh against a stay.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Stay Pending Appeal (ECF No. 29) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 31, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 31, 2016, by electronic and/or

U.S. First Class mail.

s/ Richard Loury  
Case Manager
